# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY PAVLIC,           )
                         )      Civil Action No. 15 – 916
          Petitioner,    )
                         )
v.                         )      District Judge Mark R. Hornak
                         )      Magistrate Judge Lisa Pupo Lenihan
KEVIN KAUFFMAN and PA    )
ATTORNEY GENERAL,      )
                         )      ECF No. 69
          Respondents.    )
                         )
                         )
                         )
                         )
                         )

## <u>MEMORANDUM ORDER</u>

Pending before the Court is a "Motion for Injunction to Halt Unwanted, Unlawful, Commencement of Resumed PCRA Proceedings at Unwanted, Unlawful 'Remand,'" (ECF No. 69), that the Petitioner filed on February 10, 2017, presumably in response to the appointment of counsel by the Washington County Court of Common Pleas regarding Petitioner's long pending Post Conviction Relief Act ("PCRA") petition in that court. This Court held a telephone status conference with the parties on January 20, 2017, (ECF No. 59). During that conference, the Court discussed, among other issues, the status of Petitioner's PCRA petition that has been pending in the Court of Common Pleas of Washington County since November 8, 2000.[1]

---

[1] Petitioner was convicted at docket number 811-1998 after a jury trial on October 28, 1998, of involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, corrupting morals of a minor, endangering the welfare of children, and simple assault. He was sentenced on December 14, 1998 on five counts consecutive to a total period of incarceration of no less than 8½ to no more than 17 years, which was to run consecutively to the sentence he is serving at 2596-1997 and 2598-1997 for which he was sentenced to 11 years to not more than 22 years.

Following lengthy discussion, Petitioner agreed to the appointment of counsel in his PCRA

proceedings, so the Court requested that counsel for Respondents petition the President Judge of

Washington County to appoint counsel for Petitioner to pursue his state court PCRA petition or

file a report detailing inexcusable delay such that the federal court can proceed with reviewing

Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 1).[2]

On January 29, 2017, counsel for Respondents filed a Status Report, (ECF No. 64),

indicating that on January 27, 2017, Washington County President Judge Katherine Emery

appointed Petitioner PCRA counsel, Stephen Paul, Esq., who was given sixty days in which to

file a no merit letter or an amended PCRA petition on behalf of Petitioner, (ECF No. 64-1).

Petitioner now requests, for various reasons that are largely incoherent, that this Court "halt"

those PCRA proceedings and continue with the instant federal habeas corpus proceedings,

including reviewing his claims in his Petition on the merits.[3]  This, the Court will not do.

First, where state court remedies are unexhausted, "principles of federalism and comity

require district courts to abstain from enjoining pending state criminal proceedings absent

---

[2] In his Motion, Petitioner states that, in the telephone conference, he was lead to believe that counsel would be appointed only for the purpose of "making copies".  The Court is unaware as to how Petitioner got that idea because the topic of appointment of counsel for Petitioner's PCRA proceedings was discussed at length.  This is particularly so because the docket showed that the state court failed to appoint Petitioner counsel when he filed his PCRA petition in November 2000, something that he was entitled to under Pennsylvania law and is routinely done by the state court after a PCRA petition is filed.

[3] As best the Court can tell from his Motion, Petitioner appears to be under the impression that this Court is "remanding" this matter back to the state court.  That is not what is occurring. Instead, the Court is recommending that Petitioner return to state court to pursue his PCRA proceedings that he initiated in November 2000 because exhaustion will not be excused as long as he has an available state procedure by which to pursue his federal constitutional claims.  If, for example, this Court were to continue with these federal habeas proceedings, without Petitioner having returned to state court to finish his PCRA proceedings, then it is likely the Court would not be able to review his claims on the merits as they would be unexhausted and procedurally defaulted.  *See*, *infra*.

extraordinary circumstances." Younger v. Harris, 401 U.S. 37 (1971). Moore v. DeYoung, 515 F.3d 437, 447-48 (3d Cir. 1975). Younger abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)). If the three Younger requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. Id. at 670 n.4 (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)). These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances." Id.; Moore, 515 F.2d at 448. See also Brian R. Means, POSTCONVICTION REMEDIES, § 10.3 Younger abstention (July 2012).

Here, there is an ongoing state judicial proceeding, as Petitioner's PCRA proceedings are still pending, and it is clear that grating his request for relief would interfere with those proceedings.[4] Additionally, Pennsylvania's enforcement of criminal laws and the administration of its judicial system are vital state interests. Finally, his PCRA proceedings provide a forum for

---

[4] The Third Circuit Court of Appeals has held that Younger abstention is warranted when a criminal defendant is pursuing post-conviction relief. Peay v. Massiah-Jackson, 133 F. App'x 31 (3d Cir. 2005). The Court in Peay stated, "[t]o the extent that [ ] [Appellant] sought an injunction to force the PCRA courts to allow him to proceed pro se or to bar a pending state criminal proceeding, Younger and its progeny barred such relief." Peay, 133 F. App'x at 32-33. See also Harris v. Steadman, No. 12-993, 2016 WL 6213077, at *2, n.18 (E.D. Pa. Oct. 24, 2016) (applying Younger abstention where the defendant's PCRA proceedings were ongoing); Ridge v. Campbell, 984 F.Supp.2d 364 (M.D. Pa. 2013) (Younger abstention was warranted where defendant's petition for post-conviction relief was pending in state court, and defendant's requested relief would interfere with those proceedings).

Petitioner to raise constitutional claims in the context of his state criminal proceedings. Thus, the requirements of abstention have been satisfied, and the instant habeas action, and the arguments set forth in Petitioner's Motion, does not raise the type of extraordinary circumstances contemplated under <u>Younger</u>.

Second, as of now, the Court will not excuse Petitioner from exhausting his state court remedies.[5] In his Motion, Petitioner appears to argue that it would be futile to continue with his PCRA proceedings because of state and judicial bias, including bias from his appointed PCRA counsel. The Third Circuit has held that:

> likely futility on the merits . . . in state court of a petitioner's habeas claim does not render that claim "exhausted" within the meaning of § 2254(b)(1)(A) so as to excuse the petitioner's failure to exhaust that claim by presenting it in state court before asserting [it] in a federal habeas petition. Allowing petitioners to bypass state court merely because they believe that their constitutional claims would have failed there on the merits would fly in the face of comity and would deprive state courts of a critical opportunity to examine and refine their constitutional jurisprudence.

<u>Parker v. Kelchner</u>, 429 F.3d 58, 64 (3d Cir. 2005) (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 128 (1982)). That holding is equally applicable here. Petitioner's argument that it is likely futile for him to continue with his state court proceedings, and, therefore, this Court should excuse exhaustion, is clearly foreclosed by <u>Parker</u>. Also, to the extent Petitioner objects to the

---

[5] The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief. To comply with the exhaustion requirement, a state prisoner first must have fairly presented his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. *See*, *e.g.*, <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989); <u>Doctor v. Walters</u>, 96 F.3d 675, 678 (3d Cir. 1996); <u>Burkett v. Love</u>, 89 F.3d f135, 137 (3d Cir. 1996). Moreover, a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court and highest court before exhaustion will be considered satisfied. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999). Petitioner has the burden of establishing that exhaustion has been satisfied. <u>Ross v. Petsock</u>, 868 F.2d 639, 643 (3d Cir. 1989); <u>O'Halloran v. Ryan</u>, 835 F.2d 506, 508 (3d Cir. 1987).

appointment of his PCRA counsel, and demands to proceed *pro se*, he must pursue that request before the state court as this Court will not order the state court to grant him that right. *See* Peay, 133 F. App'x at 32-33

Furthermore, while exhaustion is not a jurisdictional limitation, federal courts may only review the merits of a state prisoner's claims prior to exhaustion when no appropriate state remedy exists. Christy v. Horn, 115 F.3d 201, 206 (3d Cir. 1997); Doctor, 96 F.3d at 681; Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995). A petitioner shall not be deemed to have exhausted state remedies, however, if he has the right to raise his claims by any available state procedure. 28 U.S.C. § 2254(c). Here, through his PCRA proceedings, Petitioner still has an available procedure by which to seek review of his claims. Once Petitioner has exhausted his state court remedies, the federal court will, of course, be open to him, if need be, to entertain his Petition for Writ of Habeas Corpus.[6]

At this time, the Court finds it appropriate to stay these habeas corpus proceedings until such time as Petitioner has exhausted his state court remedies. No filings will be permitted except for a quarterly report that counsel for Respondents shall file informing the Court as to the

---

[6] While it is true that "'inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable,' thereby prompting federal courts to excuse exhaustion," exhaustion is not excused if the state can explain why exhaustion should still be required. Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994) (quoting Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986)). There is no doubt that a 15 year delay in deciding a post-conviction petition is inordinate, *see* Story, 26 F.3d at 405-06, but the delay here is equally attributable to Petitioner as it is to the state court, if not more so. During this 15 year period, Petitioner filed absolutely nothing to alert the state court as to the delay in those proceedings, nor did he file anything here to inform this Court as to the lack of action by the state court. By looking at the state court docket, one could assume that Petitioner essentially abandoned his PCRA proceedings. Petitioner should not now benefit from his failure to act in the state courts. In this case, the Commonwealth has in interest in deciding in the first instance the issues raised concerning Petitioner's prosecution, and this outweighs any delay that Petitioner has suffered, which was mostly at his own hands. Therefore, at this time, the Court will not excuse the exhaustion requirement.

status of Petitioner's state court proceedings. All other filings will be dismissed by reason of the stay. In the event that Petitioner does not get the relief he seeks in state court, he shall file a motion to lift the stay and reopen this case within thirty (30) days of exhaustion of state court remedies.

**IT IS HEREBY ORDERED** this 15th day of February, 2017, that Petitioner's "Motion for Injunction to Halt Unwanted, Unlawful, Commencement of Resumed PCRA Proceedings at Unwanted, Unlawful 'Remand,'" (ECF No. 69), is **DENIED**.

**IT IS FURTHER ORDERED** that this case is stayed and the Clerk of Court is directed to administratively close it.

**IT IS FURTHER ORDERED** that counsel for Respondents shall file a quarterly report informing the Court as to the status of Petitioner's ongoing state court proceedings.

**IT IS FURTHER ORDERED** that if Petitioner does not get the relief he seeks in state court, he shall file a motion to lift the stay and reopen this case within thirty (30) days of exhausting his state court remedies.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:    Gary Pavlic
       DV2415
       SCI Smithfield
       1120 Pike Street
        Huntington, PA  16652

       Counsel of record
       _Via CM/ECF electronic mail_